UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES CURTIS RATLIFF** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-255** |
| **HOME DEPOT, ET AL.** | **SECTION: "R"(5)** |

**PARTIAL REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, James Curtis Ratliff, a pretrial detainee confined at the Orleans Justice Center, against defendants, Home Depot Corporation, Officer Blake Delaune, Cox Cable, Allied Universal, the City of New Orleans, and the New Orleans Police Department. Ratliff alleges that on October 6, 2023, Detective Blake Delaune was employed by the New Orleans Police Department and working an off-duty security detail at Home Depot. As Ratliff was loading his merchandise into his vehicle in the parking lot, Officer Delaune approached him and asked for paperwork on his vehicle. Ratliff unlocked the car to gather paperwork from the glove compartment, but also started the vehicle to turn on the air conditioning. He alleges that Officer Delaune jumped in Ratliff's vehicle taking illegal possession of it without a warrant. When Ratliff exited the vehicle and questioned what Officer Delaune was doing, Officer Delaune began to get combative and belligerent. Ratliff grabbed a bodycam and began recording, while informing Officer Delaune that he was on private property and that Officer Delaune was working an off-duty security detail. Ratliff alleges that Officer Delaune punched him and began choking him out while screaming "stop resisting." Officer Delaune grabbed the bodycam from Ratliff and

threw it so he could not record the incident. A man wearing a Cox Cable uniform shirt helped Officer Delaune by holding Ratliff down. Ratliff alleges that when backup units arrived, Officer Delaune placed him in handcuffs. Ratliff requests financial compensation as it pertains to "defamation of character, loss wages, slander, libel and assault, mental stress, humiliation and anguish." He also seeks Officer Delaune's termination. (Rec. Doc. 4, pp. 5-9).

As noted above, Ratliff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Rec. doc. 3). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c). When making a determination regarding frivolousness, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations

in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Liberally construing the instant complaint, it is the recommendation of the undersigned Magistrate Judge that the claims against defendants, Home Depot, Cox Cable, Allied Universal, the NOPD, and the City of New Orleans, be dismissed with prejudice as frivolous and/or for failing to state a claim upon which relief can be granted, and that only the Section 1983 and state-law claims against Officer Delaune be allowed to proceed at this time.

## I. Home Depot, Cox Cable and Allied Universal as State Actors

Under Section 1983, a federal cause of action exists against any person, who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983; *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 60 & n. 1 (1989). To state a claim under Section 1983, a plaintiff must indicate both the constitutional violation and that the responsible person was acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.' " *Am. Mfrs. Mut. Ins., Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Neither a private company nor private individuals are considered to act under color of state law and may not be held liable as "state actors" under § 1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals

generally are not considered to act under color of law, i.e., are not considered state actors ..."); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, Text in Westlaw) (same); *Taylor v. Hard Times Newspaper*, Civ. Action 20-215, 2020 WL 5755249 (W.D. La. Sep. 9, 2020), *report and recommendation adopted*, 2020 WL 5755158 (W.D. La. Sep. 25, 2020).

For a private entity to be liable under § 1983, its actions must be "fairly attributable to the state." *West v. Atkins*, 487 U.S. 42, 49 (1988); *Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 2008 WL 5212795, at *2 (5th Cir. 2008); *Cornish v. Correctional Servs. Corp.*, 402 F. 3d 545, 549 (5th Cir. 2005). A private defendant's actions are attributable to the state only when a state rule or directive causes a violation and the private actor or entity is controlled by the state, has acted together with or obtained significant aid from state officials, or performed conduct otherwise chargeable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1982). Ratliff includes no facts that suggest Cox Cable or Allied Universal were involved in this incident, much less how their role could be fairly attributable to the state. His allegation that a person wearing a Cox Cable shirt aided Officer Delaune and held Ratliff down hardly satisfies the criteria for holding Cox Cable responsible as a state actor under Section 1983.

As to Home Depot, Ratliff alleges that Officer Delaune was employed by the NOPD and working an off-duty security detail for the store when the incident occurred. (Rec. Doc. 4, p. 5). He does not allege how Home Depot, a private actor, was acting under color of state

law by this arrangement or Officer Delaune's conduct. It appears that Ratliff wants to hold Home Depot liable under Section 1983, absent any plausible factual allegations showing that Home Depot should be deemed a state actor. *See*, *e.g.*, *Allen v. Aldi, Inc.*, Civ. Action No. 22-207, 2023 WL 2589689, at *5-6 (E.D.N.C. Jan. 3, 2023)("As there is no indication in the filings that Aldi was anything but a private party engaged in private action, plaintiff's § 1983 claim against Aldi must fail."), *adopted*, 2023 WL 2587478 (E.D.N.C. Mar. 21, 2023); *Gitter v. Target Corp.*, Civ. Action No. 14-4460 (DLC), 2015 WL 5710454, at *4 (S.D.N.Y. Sept. 29, 2015) (Target not a state actor under Section 1983 responsible for NYPD officer's actions when working paid detail security shift at Target); *Bryant v. Asset Protection*, Civ. Action No. 23-6111, 2023 WL 4905376, at *5-6 (W.D.N.Y. Aug. 1, 2023) (Home Depot not a state actor responsible under Section 1983 for asset protection specialist's actions in calling 9-1-1 to report plaintiff for a larceny in progress at the store). The claim fails because Ratliff has alleged no specific facts that indicate Home Depot was a state actor or that it acted in concert with a state actor such that Home Depot could be said to have violated Ratliff's federal rights while acting under color of state law.

Furthermore, even if Home Depot could be considered a state actor in this context, the corporation cannot be held vicariously liable for the actions or inactions of its employees. Ratliff has not alleged that Officer Delaune was an employee of Home Depot. Even if he attempted to hold the corporation liable for the alleged actions or inactions of Officer Delaune during his security detail for the store based on a theory of respondeat superior, he

cannot bring such a claim under Section 1983. A section 1983 claim cannot be based on the theory of respondeat superior. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); *see also Chapman v. Correct Care Solutions*, Civ. Action No. 16-13034, 2017 WL 535333, at *2 (E.D. La. Jan. 19, 2017) ("[I]t is clear that [Correct Care Solutions] cannot be held liable under § 1983 on either theory of respondeat superior or vicarious liability."), *adopted*, 2017 WL 530342 (E.D. La. Feb. 9, 2017).

Ratliff's complaint names several private corporations as defendants, none of whom may be considered a state actor subject to liability under Section 1983. *See*, *e.g.*, *Spann v. JPMorgan Chase Bank, N.A.*, Civ. Action No. 21-1643, 2022 WL 2177438, at *5 (E.D. La. June 16, 2022); *Lee v. Deutsche Bank National Trust Co., et al.*, Civ. Action No. 18-2887, 2019 WL 3345710, at *5 (E.D. La. July 25, 2019) (Deutsche Bank is not a state actor for purposes of liability under Section 1983, and while plaintiff contends the documents were filed fraudulently in state court on behalf of Deutsche Bank, he fails to plausibly allege an agreement between any of the defendants and a state actor.). The complaint in this case fails to allege that the corporate defendants are state actors or that they were acting under color of state law. Home Depot cannot be held vicariously liable for its employees even if it employed Officer Delaune. Nor has Ratliff alleged any other basis on which Home Depot

itself violated his rights, such as by adopting a constitutionally deficient custom, policy, or practice which resulted in his injuries. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694–95 (1978) (In order to establish a claim for governmental liability under section 1983, a plaintiff must allege and identify a policy or custom of the governmental entity [or of a final policymaker of the governmental entity] that caused a deprivation of the plaintiff's constitutional rights). Ratliff's Section 1983 claims against Cox Cable, Allied Universal and Home Depot should be dismissed with prejudice.

**II. NOPD**

Ratliff also names the New Orleans Police Department (NOPD) as a defendant. However, the claims against the NOPD must be dismissed because it "is not recognized as a legal entity or person capable of being sued," and it is not a "person" for purposes of Section 1983 liability. *Lemon v. Kenner Police Dep't*, Civ. Action No. 16-6631, 2016 WL 3950771, at **4-5 (E.D. La. June 30, 2016), *adopted*, 2016 WL 3902596 (E.D. La. July 19, 2016); *Littlejohn v. New Orleans City*, 493 F. Supp. 3d 509, 517 (E.D. La. 2020); *Thomas v. City of New Orleans*, 883 F. Supp. 2d 669, 691 (E.D. La. 2012); *see, e.g.*, *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007) (explaining that Louisiana law governs whether the NOPD is an entity that can be sued pursuant to Fed. R. Civ. P. 17(b) and that under Louisiana law, the NOPD is not a "suable entity").

**III. City of New Orleans**

To the extent Ratliff alleges a Section 1983 claim against the City of New Orleans, he has not alleged any facts to support municipal liability under *Monell* for unconstitutional policies practices, and procedures by the city itself that caused injury to Ratliff. He alleges harm based solely on the isolated conduct by an officer serving off-duty security detail for a private entity. Nor has he alleged any factual support suggesting a conspiracy among any of the defendants to deprive Ratliff of his constitutional rights. To prevail on a § 1983 conspiracy claim, the plaintiff must allege and prove: (1) an agreement between the defendant and others, involving at least one person acting under color of state law, to commit an illegal act and (2) an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement. *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 675 (5th Cir. 2015); *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008); *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir.), *cert. denied*, 543 U.S. 829, 125 S.Ct. 153, 160 L.Ed.2d 44 (2004); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.), *cert. denied*, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994); *see Bright v. City of Killeen*, 532 F. Supp. 3d 389, 398 (W.D. Tex. 2021). Conclusory allegations, lacking reference to material facts, are insufficient to state a claim for conspiracy under § 1983. *Avdeef*, 616 F. App'x at 675; *Powell v. Martinez*, 579 F. App'x 250, 252 (5th Cir. 2014); *Priester*, 354 F.3d at 420. Ratliff has failed to sufficiently allege a deprivation of a constitutional right by the City of New Orleans. *White v. City of New Orleans*, 844 F. App'x 719, 722 (5th Cir. 2021).

### IV. NOPD Officer Blake Delaune

At this juncture, the claim against Officer Delaune cannot be dismissed because Ratliff alleges a factual scenario that might support claims under federal and state law, if properly asserted. *See*, *e.g.*, *Gomez v. Galman*, 18 F.4th 769, 776 (5th Cir. 2021) (whether a police officer is acting under color of law does not depend on duty status at the time of the alleged violation; rather, the court must consider: (1) "whether the officer misused or abused his official power" and (2) "if there is a nexus between the victim, the improper conduct, and the officer's performance of official duties.") (citing *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 464–65 (5th Cir. 2010)). Additionally, while Ratliff's complaint suggests that he was arrested and is presently detained pending criminal charges arising from the incident alleged and that his claims might directly challenge the validity of the charges against him, the complaint itself provides insufficient information to confirm that scenario at this time. The Supreme Court has applied a modified version of the *Heck* bar to pretrial detainees. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). In *Wallace*, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended .... If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id*. Thus, if Ratliff were to allege claims against Officer Delaune that directly challenge the veracity and validity of the charges and evidence against Ratliff in state court, then the claims

9

should be stayed pending resolution of the state-court criminal proceedings. *Kahoe v. Williams*, Civ. Action No. 22-3150, 2023 WL 5498908, at * 3-4 (E.D. La. Aug. 25, 2023). For these reasons, the claims against Officer Blake Delaune should be allowed to proceed at this time, along with any state-law claims he asserts against the officer that might be considered under the Court's supplemental jurisdiction.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Ratliff's claims against defendants, Home Depot, Cox Cable, Allied Universal, the New Orleans Police Department, and the City of New Orleans, be **DISMISSED WITH PREJUDICE** as legally frivolous and otherwise for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that Ratliff's federal claims and supplemental state-law claims against Officer Blake Delaune be allowed to proceed pending further development and remain referred to the United States Magistrate Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 20th day of March, 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.