UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES CURTIS RATLIFF                          CIVIL ACTION

VERSUS                                              NO. 24-255

HOME DEPOT CORP. ET AL                    SECTION "R" (5)

## ORDER AND REASONS

Before the Court is defendant Detective Blake Delaune's unopposed motion for judgment on the pleadings, and, in the alternative, motion for summary judgment.[1] For the following reasons, the Court grants the motion for summary judgment.

## I.    BACKGROUND

Plaintiff James Curtis Ratliff, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983.[2] The action relates to an October 6, 2023, incident between Ratliff and Delaune, among others, in a Home Depot parking lot, which resulted in Ratliff's arrest.[3]

---

[1]    R. Doc. 20.
[2]    R. Doc. 4.
[3]    R. Doc. 20.

Ratliff filed suit in this Court in January 2024.[4]  In addition to Delaune, plaintiff named Home Depot Corporation, Cox Cable, Allied Universal, the City of New Orleans, and the New Orleans Police Department as defendants.[5] On April 15, 2024, the Court dismissed the actions against defendants Home Depot, Cox Cable, Allied Universal, the City of New Orleans, and the New Orleans Police Department with prejudice as legally frivolous and for otherwise failing to state a claim on which relief could be granted.[6]

Ratliff later mailed a complaint against Delaune to the New Orleans Police Department's Public Integrity Bureau in April 2024.[7]  The Public Integrity Bureau investigated the allegation and, on July 2, 2024, advised Ratliff that the investigation determined that his claim against Delaune was unfounded.[8]

On February 11, 2025, Ratliff pled guilty to all charges arising out of the October 2023 incident—impersonating a peace officer, battery of a police officer, and resisting a police officer with force.[9]

---

[4]    R. Doc. 1.

[5]    R. Doc. 4.

[6]    R. Docs. 7 & 8.

[7]    R. Doc. 20.

[8]    *Id.*

[9]    *Id.*

Delaune now moves for judgment on the pleadings and, in the alternative, for summary judgment on qualified immunity.[10]  Plaintiff did not file an opposition to the motion.  For the following reasons, the Court grants Delaune's motion for summary judgment.[11]

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).   "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (first citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and then citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The Court must draw all reasonable inferences in favor of the nonmoving party, but

---

[10]    *Id.*

[11]    Because the Court resolves the action through its grant of summary judgment, it does not reach the motion for judgment on the pleadings.

"unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry

of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *See Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). If the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Id.* In determining whether the movant has met its burden, the Court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)).

## III.  DISCUSSION

The doctrine of qualified immunity protects government officials who perform discretionary functions from civil liability, unless their conduct violates a clearly established federal statutory or constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.' . . . Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015) (first quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012); and then quoting *Malley v. Briggs*, 45 U.S. 335, 341 (1986)).

As an initial matter, Delaune is entitled to invoke qualified immunity. Although Delaune was off-duty at the time, he was acting "under color of state law" when he approached and arrested Ratliff.  *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464-65 (5th Cir. 2010) (explaining that courts must consider "(1) whether the officer misused or abused his official power, and (2) if there is a nexus between the victim, the improper conduct, and the officer's performance of official duties," rather than simply whether an officer is on- or off-duty in determining applicability of qualified immunity). Delaune's actions relate to his duty to protect the public, and thus he was

6

acting "under color of state law." *See Levens v. Gaspard*, 2023 WL 2456080 at *3 (E.D. La. Mar. 10, 2023) (finding that an off-duty police officer was acting "under color of state law" when responding to a fight as there was "a nexus between Plaintiff, [Defendant's] conduct, and [Defendant's] duty to protect the public.").

Because Delaune invokes qualified immunity, the burden shifts to Ratliff to "show that the defense is not available." *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 287 (5th Cir. 2020) (quoting *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016). To overcome the burden, plaintiff "must adduce summary judgment evidence indicating that [defendant's] actions violated clearly established constitutional [or statutory] rights of which a reasonable person would have known." *Id.* (quoting *Mullenix*, 577 U.S. at 11). "Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation are all insufficient." *Orr v. Copeland*, 844 F. 3d 484, 490 (5th Cir. 2016) (citing *Reyes v. Hornbeck Offshore Servs.*, L.L.C., 383 Fed. Appx. 442, 443-44 (5th Cir. 2010)). Ratliff fails to point to any evidence in response to Delaune's qualified immunity motion, and therefore fails to carry this burden on summary judgment.

In his complaint, Ratliff alleges that Delaune used excessive force, in violation of his Fourth Amendment rights.  To establish an excessive force claim, the plaintiff must show that he suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."  *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (citing *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)).  Ratliff fails to point to any evidence indicating that Delaune's use of force was clearly excessive and thus in violation of a clearly established constitutional right.  In fact, the Public Integrity Bureau report found that Ratliff's claims of excessive force were unfounded.[12]  Further, Ratliff pled guilty to all charges stemming from the October 2023 arrest, including battery of a police officer and resisting a police officer with force.[13]  Accordingly, Plaintiff cannot satisfy his burden to demonstrate that the qualified immunity defense is not available to Delaune.

---

[12]    R. Doc. 20-3 at 26-27.
[13]    R. Doc. 20.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment.  Plaintiff's claims against Detective Blake Delaune are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __6th__ day of June, 2025.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE